Parker, C. J.,
delivered the opinion of the Court. — The only case goods, were taken by the defendant, were under attachment by the [*497] * plaintiff; if they were, the latter had a special property as well as possession, and the act of the defendant must be tortious.
The case shows that an attachment had been made by Train, under a writ which he had against Valette, the owner of the goods ; but that he did not remove them from the dwelling-house of Valette, in which his family resided, although he had withdrawn himself from his creditors. He, however, placed the goods attached in the custody of Reed, his servant, who locked the front door of the house, keeping the key, and was either in the house, or in a shop adjoining the house where he labored, until the goods were taken out of his possession by the defendant, which was forty-six days after the attachment. The defendant was informed, before he took the goods, that they were holden under attachment by the plaintiff, and at the time of taking them he was forbidden, and it was again stated to him that they were attached. Reed' was so situated, that the goods could not be removed by any one without his knowledge.
Under these circumstances, we are of opinion that the attachment by Train continued in force until the goods were taken by the defendant. There is no doubt but, to constitute an attachment, there must be an actual seizing of the goods by the officer;(1) not that every article must be taken hold of, but that he must be in view of the whole, with the power of taking them into his actual possession. They must not be left under the control of the debtor ; but it is not necessary that they be actually removed from the store or house where they are attached. Other acts of notoriety, which may notify *433 creditors that the goods are in custody of the law, may be equivalent to a removal. Putting a keeper over them is sufficient, unless it be done colorably, to give the appearance of an attachment where none in truth exists. Even the use, by the debtor or his family, of such articles as will not be injured by the use, if by the permission of the officer or his servant, will not vacate the attachment. To permit a debtor to sell or dispose of * personal property, [*498] which has been attached, would undoubtedly tend to prove the attachment fraudulent. But where it is bond fide, and, from motives of compassion to the debtor’s family, articles of household furniture, without which the family cannot subsist, are used by per mission of the officer, the attachment may continue in force notwith standing.
In the case before us, to have left the goods in the house of Valette, without putting them into the custody of any one who might be considered as the servant of the officer, would have been to abandon the attachment; but every care was taken to keep the goods for execution, and no use of them was permitted but such as was consistent with the custody of the officer.
The defendant’s counsel has insisted, that Train or Reed should be considered as a trespasser upon Valette, after a reasonable time had passed for the removal of the goods, if they entered and continued in his house. This would be true, if they remained against his will or without his consent. But we think his consent would be presumed in this case ; as it does not appear that his family, which he left in the house, made any objections, or signified any uneasiness at Reed’s exercising a right to enter, in order to oversee the goods.
Upon the whole, we are all satisfied that the verdict is right, and judgment must be entered accordingly.†

 5 Mass. Rep. 163.

 Baldwin vs. Jackson, ante, 131. — Denny vs. Warren, 16 Mass. Rep. 420. — Gordon vs. Jenney, 16 Mass. Rep. 465.— Bridge vs. Wynean, et al., 14 Mass. Rep, 190. — Bagley vs. White, 4 Pick. 395.— Latimer vs. Batson, 4 B. & C. 652.